Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 400 WELFARE, PENSION, ANNUITY, SUPPLEMENTAL and JOINT APPRENTICESHIP TRAINING FUNDS for and on behalf of themselves and said FUNDS, and the BOARD OF TRUSTEES; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 400, <br><br> *Plaintiffs,* <br><br> v. <br><br> SOLAR-MITE ELECTRICAL CONTRACTORS, INC., <br><br> *Defendant.* | Civil Action No. 19-16313 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiffs' unopposed motion for default judgment against Defendant Solar-Mite Electrical Contractors, Inc. ("Solar-Mite") pursuant to Federal Rule of Civil Procedure 55(b). D.E. 7. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion is **GRANTED**.

## I.     FACTS AND PROCEDURAL HISTORY

Through this action, Plaintiffs seek to collect delinquent contributions and penalties due and owing. Affidavit of Daniel Feehan ("Feehan Aff.") ¶ 2, D.E. 7-1. Plaintiffs are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and

employee benefits plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. § 1002(1), (2) and (3). Compl. ¶ 5.

Defendant is party to a Collective Bargaining Agreement (the "CBA") with the IBEW Local 400 (the "Union"). *Id.* ¶ 17; *see also* Feehan Aff. ¶¶ 2-4. The CBA "requires that fringe benefit contributions be made for eligible participants on a timely basis." Compl. ¶ 18. Plaintiffs allege that Defendant failed to remit or remitted only a portion of its required contributions for, at a minimum, April, May and June 2019. Compl. ¶ 19. Plaintiffs further allege that "payment of the delinquent contributions and penalties assessed against Defendant Solar-Mite has been demanded by the Funds, but Defendant Solar-Mite refused to submit the required payments." *Id.* ¶ 20. Plaintiffs also allege that Defendant violated the CBA because it failed to remit "dues check-offs" and other contributions for, at a minimum, April, May and June 2019. Plaintiffs have also demanded that Defendant pay its required dues check-off amounts, but Defendant refused to submit the required payments. *Id.* ¶¶ 29-30.

Plaintiffs filed a two-count Complaint against Defendant on August 5, 2019. In Count One, Plaintiffs allege that Defendant failed to remit required contributions. Plaintiffs contend that this failure violated 29 U.S.C. § 1145 and constituted prohibited transactions pursuant to 29 U.S.C. § 1106(a)(1)(B). *Id.* ¶¶ 16-25. Plaintiffs allege in Count Two that Defendant violated the CBA by failing to remit dues checkoffs to the Union. *Id.* ¶¶ 26-30.

Defendant was served with the summons and complaint on August 8, 2019. *See* D.E. 4; Feehan Aff. ¶ 5. Defendant has not filed an answer and the time to respond has not been extended. Feehan Aff. ¶ 7. As a result, the Clerk entered default as to Valhalla for failure to plead or otherwise defend on September 5, 2019. On November 15, 2019, Plaintiffs filed the current motion. D.E. 7.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the Court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

## B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has subject matter jurisdiction. Congress granted district courts exclusive subject matter jurisdiction for civil actions that arise under ERISA. 29 U.S.C. § 1132(e)-(f). This Court also has jurisdiction under Section 301 of the LMRA, which grants district courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. 29 US.C. § 185(a).

The Court also has personal jurisdiction over Defendant. Solar-Mite maintains its principal place of business in New Jersey. Compl. ¶ 14. As a result, Solar-Mite is considered "at home" in this state and is subject to general jurisdiction here. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *2 (D.N.J. June 7, 2016). Additionally, pursuant to Rule 4, service may be effectuated upon a corporation by following New Jersey law. Fed. R. Civ. P. 4 (e)(1), (h). Under New Jersey law, a corporation may be served by delivering a copy of the summons and complaint to "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation." N.J. Ct. R. 4:4-4(a)(6). Here, Plaintiffs personally served Elena Martiak, a person who is purportedly authorized to accept service on Solar-Mite's behalf. Feehan Aff. ¶ 5, Ex. C. As a result, Defendant was properly served with the summons and complaint such that this Court has personal jurisdiction over Defendant.

## C. Sufficiency of Plaintiffs' Causes of Action and Proof of Damages

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

### i. ERISA Claim (Count One)

Count One states a valid cause of action. Section 515 of ERISA requires employers who are obligated to make contributions to a multiemployer plan pursuant to a CBA to "make such contributions in accordance with the terms and conditions of such plan or [CBA]." 29 U.S.C. § 1145. The CBA in this case required Solar-Mite to make contributions to Funds for each employee. Feehan Aff. Ex. A, Art. III, § 3.05(b). The Funds are multiemployer plans within the meaning of ERISA. Compl. ¶ 5. And Plaintiffs allege that Defendant failed to remit contributions to the Funds as required by the CBA. *Id.* ¶¶ 19-24. Thus, Defendant violated Section 515.

### ii. Breach of Contract (Count Two)

In Count Two, Plaintiffs bring a state law breach of contract claim for Defendant's violations of the CBA. Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5 (D.N.J. Jan. 31, 2017). Plaintiffs allege that there was a valid contract—the CBA. Moreover, Plaintiffs allege that the Union performed under the CBA, and that pursuant to the CBA, Defendant was required to pay the required dues check-offs but failed to do so. Plaintiffs finally allege that they have been damaged by Defendant's breach. Plaintiffs, therefore, adequately state a claim for breach of contract.

### iii. Damages

Section 502(g)(2) of ERISA provides that in an action to enforce Section 515 in which judgment is entered for the plan, a court "shall award" (1) the unpaid contributions, (2) interest on the unpaid contributions,[1] (3) the greater amount between either interest on the unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the principal amount, (4) reasonable attorney's fees and costs, and (5) "such other relief as the court deems appropriate."[2] 29 U.S.C. § 1132(g)(2). These categories of recovery are mandatory. *See Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003); *Int'l Union of Painters*, 2016 WL 3234516, at *3.

In this instance, Plaintiffs argue that they should be awarded a total judgment of $71,073.02. Feehan Aff. ¶ 12. Plaintiffs support this amount with a Job Status Report from the Union's Fund Administrator, Feehan Aff. ¶ 8, Ex. D, the CBA, the Union's policy for the collection of delinquent fringe benefits, and a detailed damages calculation chart, *id.* Ex. E. Accordingly, Plaintiffs sufficiently prove their damages.

Plaintiffs also seek $872 for attorneys' fees and $465 in costs for a total of $1,337 combined attorneys' fees and costs. Feehan Aff. ¶ 17. "In awarding fees under this rubric, the 'court should determine what constitutes a reasonable fee.'" *Int'l Union of Painters*, 2016 WL 3234516, at *4 (quoting *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991)). In addition, a request for fees

---

[1] Interest on unpaid contributions is determined by using the rate provided for under the plan. 29 U.S.C. § 1132(g). The Union's policy for the collection of delinquent fringe benefits provides that interest will accrue "at the rate of one and one-half percent (1 ½%) compounded per month from the Delinquency Date." Feehan Aff. Ex. B, Art. III, ¶ 3.

[2] Because Plaintiffs only address damages with respect to Count One, the Court does the same. Moreover, awarding damages for Count Two would likely result in a double recovery for Plaintiffs.

"must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Id.* (quoting *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)). Plaintiffs provide a summary of attorneys' fees and costs, as well as a detailed report of the legal services performed, the party performing the services, the time required to perform each service and the date each service was performed. Feehan Aff., Ex. F. The attorney working on this matter was billed at a rate of $200.00 per hour and the paralegal was billed at $70.00 per hour. Feehan Aff. ¶ 16. The Court is satisfied that the fees and costs are well documented and reasonable in light of the nature of the case and the services rendered. Accordingly, the Court will award attorneys' fees and costs for the requested amount of $1,337.

In sum, the Court grants actual damages in the amount of $71,073.02, as well as $1,337 for attorneys' fees and costs.

### D. Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc.*, 2015 WL 6673839, at *1. Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Next, without a default judgment, Plaintiffs have no other means to seek relief for the harm allegedly caused by Defendant. As a result, Plaintiffs will be prejudiced if default judgment is not entered. *See Int'l Union of*

*Painters*, 2016 WL 3234516, at \*3. Finally, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id*. As a result, the Court finds that default judgment is warranted.

## III.  CONCLUSION

For the reasons set forth above, Plaintiffs' motion for default judgment (D.E. 7) is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: January 9, 2020

John Michael Vazquez, U.S.D.J.